## David E. Day, Plff. in Err., *v.* Philip Osborn.

A parol promise, alleged to have been the inducement to the execution of a deed, cannot be established by the uncorroborated testimony of a single witness who is directly contradicted by another witness.

Cited in Royer v. Wolf, 8 Pa. Co. Ct. 641.

NOTE.—See the notes to previous cases, for analogous authorities.

O, in consideration, *inter alia,* that D would pay certain debts mentioned in a schedule, conveyed land to D, and in the same transaction sold his personalty to D, in consideration of D's promise to pay annuities, etc., to secure which D mortgaged the land to O. In scire facias sur the mortgage D claimed to set off a judgment against O, not mentioned in the schedule and subsequently assigned for valuable consideration to D. The schedule was lost. *Held,* that although parol testimony was admissible in evidence to prove that a promise by D to pay this debt was the inducement to O's execution of the deed, yet the promise, being denied by the positive testimony of D, could not be established by the uncorroborated testimony of O.

(Argued April 25, 1887. Decided May 9, 1887.)

January Term, 1886, No. 79, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Error to the Common Pleas of Erie County to review a judgment on a verdict for the plaintiff in an action of scire facias sur mortgage. Reversed.

This was an action by Philip Osborn against David E. Day, to foreclose a mortgage dated December 20, 1878, and in the penal sum of $3,000, conditioned for the payment of $300 annually by the defendant to the plaintiff during the latter's life, and the sum of $50 per annum to Cynthia Osborn, the plaintiff's wife, annually, during her life, and for certain personal services, etc. These payments and services were the consideration for the sale of the plaintiff's personal property to the defendant, on the day the mortgage was executed.

On the same day the plaintiff had conveyed the mortgaged premises to the defendant, in consideration, *inter alia,* of the promise of the defendant to pay certain of the plaintiff's debts as set forth in a schedule signed by the parties and afterward lost.

The plaintiff alleged that the defendant had not paid the amount required by the bond and mortgage which he alleged to be, with the interest to date, $735.52.

The defendant alleged that there was nothing due, but that in fact the plaintiff was indebted to him in the sum of $96.91 balance, on account of a certain judgment that was recovered against the plaintiff, in favor of the Methodist Episcopal Church of Girard, on a subscription made by him to said church, and that the judgment was assigned by the church to the defendant on August 18, 1881.

The testimony adduced at the trial before GALBRAITH, P. J., is sufficiently set forth in the opinion.

The plaintiff asked the court to charge the jury, *inter alia:*

1. "That their verdict should be for the amount of the penalty of the mortgage, to wit, $3,000, in suit, with 5 per cent added for collection fees; and they should also find the amount now actually due from the defendant to the plaintiff, according to the conditions of the mortgage, and for which execution may issue."

*Ans.* This is affirmed. First assignment of error.

2. "That if the jury believe from the evidence that the defendant, Day, agreed, at the time the agreements were entered into between the plaintiff, Osborn, and defendant, Day, that he, the said Day, would pay or satisfy the debt of the Methodist Episcopal Church, and keep and save the plaintiff harmless from the payment of the same; and that said agreement was an inducement to the plaintiff to consummate the agreements and contracts then pending between them; that the defendant cannot set off the judgment of the M. E. Church against the plaintiff's claim in this case."

*Ans.* This is affirmed. Second assignment of error.

The defendant asked the court to charge, *inter alia:*

3. "The court is requested to charge the jury that judgment 90, September term, 1880 (the church judgment), has been adjudicated between plaintiff and defendant, and cannot be called in question in this case by the jury; this upon the undisputed evidence in the case."

*Ans.* This is refused. The law favors trial by jury, and the refusal of the court to open the judgment referred to is not such an adjudication of the rights of those parties as can preclude the plaintiff from having his case passed upon by a jury and determined by a verdict." Sixth assignment of error.

The remaining assignments of error specified portions of the charge which submitted to the jury the question whether the "church debt" was part of the consideration for the execution of the deed.

Verdict for the plaintiff in the penalty of $3,000; damages assessed at $734.52, and judgment thereon.

*Benson & Brainerd,* for plaintiff in error.—It was error in the court to submit the question of an alleged contemporaneous agreement between the parties to contradict and vary the writ-

ings between them, and thereby defeat the right to set off the judgment against the mortgage, upon the uncorroborated evidence of the plaintiff. Phillips v. Meily, 106 Pa. 537; Juniata Bldg. & L. Asso. v. Hetzel, 103 Pa. 507; Smith v. National L. Ins. Co. 103 Pa. 177, 49 Am. Rep. 121; Pennsylvania R. Co. v. Shay, 82 Pa. 198; Stine v. Sherk, 1 Watts & S. 195; Irwin v. Shoemaker, 8 Watts & S. 75; Dean v. Fuller, 40 Pa. 474.

Where parties, without any fraud or mistake, have deliberately put their engagement in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement. Martin v. Berens, 67 Pa. 459.

Nor can the whole case be thrown into the jury box upon the ground of fraud, simply because one of two to a written contract testifies that there were parol stipulations, contradictory of the terms of the writings agreed to at the same time. There must be evidence of fraud other than that which may be derived from the mere difference in the parol and written terms. Thorne v. Warfflein, 100 Pa. 519.

*E. L. Whittelsey* and *Henry Souther*, for defendant in error. —The testimony did not alter or change the writings between the parties; they remained as they were. There are no writings in evidence, so far as the printed testimony shows, except the deed and bond; and certainly these are not changed.

The whole contention from the beginning has been that the church debt was not embraced in any writing or agreement between the plaintiff and defendant. Our allegation is that it is just as good as if it had been, but it required the verdict of a jury to find out that it was the arrangement and agreement between the parties on the 20th of December, 1878, that Day should pay the church debt, and with that understanding and inducement Osborn executed the papers between them upon his part, whatever they were.

It is not true that any paper then and there executed was in any way enlarged, varied, or altered. Osborn sues upon his mortgage. Day says, "You owe me the amount of this church judgment." Osborn replies, "You agreed with me if I would execute a deed to you for my farm, and convey to you certain personal property, on the 20th day of December, 1878, you would pay the church debt for me—my debt—upon which that church judgment is based." There was no paper given in evi-

dence either contradicted or varied. The only rule of law which the testimony any way acted upon was the rule that when parties make agreements in writing, the presumption is that they put everything pertaining to the subject-matter in the written agreements, but this is only a presumption. In Phillips v. Meily, 106 Pa. 537, the defendant by his own testimony undertook to defeat a recovery upon a promissory note for $3,000 made by himself, simply by his "unsupported oath which was contradicted by the plaintiff's oath, and the persuasive evidence furnished by the note itself." That was a different case from this. Here no writing is violated; there one was wiped out "to contradict or vary written instruments unless there has been fraud, accident, or mistake in the creation of the instrument itself," or "unless there has been an attempt to make a fraudulent use of the instrument in violation of a promise or agreement made at the time the instrument was signed, and without which it would not have been executed."

In both the cases cited from 103 Pa. 177, and 507, it is said: "Parol evidence is admissible to show a verbal contemporaneous agreement which induced the execution of a written obligation though it may change the terms of the written contract," and in Greenawalt v. Kohne, 85 Pa. 369, it was held that "it would be an affectation of learning to cite all the cases which establish this principle." Again, we assert that the testimony complained of by the plaintiff in error varied or altered no writing between the parties. The writings, whatever they were, remain as when they were written. See Woods v. Russell, 1 Sad. Rep. 41.

In every case cited by the plaintiff in error the attempt was made to overthrow, enlarge, vary, or alter the instrument in suit by parol. This is not our case at all. But treating it as the counsel for the plaintiff in error treats the matter, we say then there was testimony to submit to the jury, and it was properly submitted by the court.

To overthrow a written contract it is necessary that the parol evidence be clear, precise, and satisfactory. Juries must not hesitate or doubt; they must have clear convictions; they must believe the witnesses, and find the fact in issue definitely and distinctly established. Absolute certainty is out of the question, where facts are to be found from oral testimony and circumstances. Spencer v. Colt, 89 Pa. 314.

The law does not require proof so convincing as to leave no

doubt resting on the minds of the jurors; it is enough if there be evidence to satisfy an unprejudiced mind, beyond a reasonable doubt.   Young v. Edwards, 72 Pa. 257.

The degree of weight to be given to the testimony of each witness is for the jury, and not for the court. Ott v. Oyer, 106 Pa. 6.

OPINION BY MR. JUSTICE TRUNKEY:

At the time the deed, bond, and mortgage were executed, the parties made a written statement showing what debts Day should pay, as part of the consideration of the deed.   The chief contention now is whether it was orally agreed that Day should pay another debt, called the church debt, amounting to over $1,-000, which induced the plaintiff to sign the deed and statement. Both parties agree that no such oral contract was made in the hearing of anybody else, and that the defendant refused to pay that debt so far as their attorneys and other persons had knowledge.

Mr. Hutchinson, who was Osborn's attorney, testifies that Day positively refused to pay the church debt; that it was not included in the writings; that he was very much shocked when Osborn gave way, and he then said to Osborn: "I wipe my hands of this matter," and told him he "would have nothing more to do with him; that he ought to make provision for the church debt."

Osborn testifies that in a private conversation, shortly before the signing of the papers, the defendant promised to pay that debt.   Hutchinson says he saw Osborn and Day talking, but did not hear a word.   Day denies any such conversation or promise, and the numerous disinterested witnesses all say that the church debt was omitted from the writing, because Day would not agree to pay it.

The parties were assisted by their respective counsel, who were painstaking that everything agreed upon should be expressed in the writings.   The plaintiff sets up a secret oral promise as the inducement to his signing the papers.   His testimony and the testimony of the defendant are in flat contradiction, as respects the alleged promise, and the plaintiff's is without corroboration.   Under the circumstances, if the claim can stand, what is more worthless than a written agreement?

It is proved by all the witnesses, except the plaintiff, that Day refused to pay the church debt, and the writing shows what debts

he agreed to pay. None was omitted by mistake. How can it be said that the addition of the church debt does not vary or change the written contract? If added, it increases the defendant's liability $1,000.

If the alleged promise is not part of the transaction evidenced by the writings, it is unenforceable. If a part, it should be in the instrument stating what debts were to be paid by the defendant. Parol evidence is admissible to prove the promise, as alleged; but the promise, being denied by the positive testimony of the defendant, cannot be established by the uncorroborated testimony of the plaintiff. The principle applicable to the law of the evidence in such a case as this, has been reiterated in recent cases in this state. It was error to affirm the plaintiff's second point, for the evidence was insufficient to submit to the jury to find the facts therein stated. The second specification is sustained, and we need not specially note the other specifications (which are well taken) for the same reason.

It is hardly necessary to remark the first specification. Strictly, the point set out therein should have been refused, but with the other instructions the affirmance could hardly have been misleading. If there was nothing due the plaintiff, no cause for bringing the suit, the verdict should have been for the defendant.

The sixth specification is not sustained. The defendant's third point was well answered by the learned judge of the common pleas.

Ꞇ dgment reversed and *venire facias de novo* awarded.